# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| DAVID EARL ST. JOHN;  )<br>NNEKA FUNMILAYO MADUEWESI,  )<br>  Louisville, KY 40223  )<br>         Plaintiff(s)  )<br>  )<br>         v.  )<br>  )<br>KRISTI NOEM, in her official capacity,  )<br>Secretary, U.S. Department of Homeland  )<br>Security;  )<br>AGNELICA ALFONSO-ROYALS, in her  )<br>official capacity, Director, U.S. Citizenship and  )<br>Immigration Services;  )<br>  2707 Martin Luther King Jr. Ave, SE  )<br>  Washington, DC 20528-0485  )<br>  )<br>PAM BONDI, in her official capacity,  )<br>Attorney General, Office of Attorney General,  )<br>U.S. Department of Justice;  )<br>  950 Pennsylvania Avenue, NW  )<br>  Washington, DC 20530-0001  )<br>  )<br>  )<br>         Defendant(s).  )<br>  )<br>  )<br>  )<br>  )  | Civil Action No. 3:25-cv-362-CHB |

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR WRIT OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Ste. 630, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

1

## INTRODUCTION

COME NOW DAVID EARL ST. JOHN (hereinafter "Plaintiff ST. JOHN" or collectively "Plaintiffs") and NNEKA FUNMILAYO MADUEWESI (hereinafter "Plaintiff MADUEWESI" or collectively "Plaintiffs") the Plaintiffs[1], by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiff DAVID EARL ST. JOHN is the U.S. citizen spouse of Plaintiff MADUEWESI, a national of Nigeria. On April 26, 2021, Plaintiff ST. JOHN lawfully filed Form I-130, Petition for Alien Relative ("Petition") with the United States Citizenship and Immigration Service for his spouse to become a permanent resident of the United States. On the same date, Plaintiff MADUEWESI timely, completely, and lawfully filed Form I-485, Application to Register Permanent Residence or Adjust Status, and paid the associated fees, to apply for the resulting benefit from her spouse's petition.

2. This action is brought as a result of Defendants' failure to adjudicate Plaintiff ST. JOHN's Form I-130, Petition for Alien Relative and Plaintiff MADUEWESI's Form I-485, Application for Adjustment of Status ("Application" or collectively "respective Forms"), within a reasonable period of time. The respective Forms have been in pending status for a period of over four years and one month (49 months or 1510 days) without any resolution. The Plaintiffs have a clear right to the adjudication of their respective Forms within a timely manner. The final adjudication of Plaintiffs' respective Forms is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

---

[1] Plaintiffs, who have been married since September 2020 and are the parents of two U.S. citizen children, continue to face prolonged delays in the adjudication of their concurrently filed I-130 and I-485 applications. Despite completing their interview on June 6, 2022, receiving a follow-up call from USCIS regarding a prior marriage, submitting multiple inquiries, and seeking congressional assistance, they have received no substantive updates on their case.

3.  The delay in making a decision on Plaintiffs' respective Forms extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

4.  Defendants cannot reasonably use COVID-19 as a defense to their failure to adjudicate the respective Forms as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

5.  Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on Plaintiff ST. JOHN's Form I-130 and Plaintiff MADUEWESI's Form I-485.

**PARTIES**

6.  Plaintiff DAVID EARL ST. JOHN is a U.S. citizen and for purposes of the instant action he is a resident of Jefferson County, Kentucky. He is the petitioner of a pending Form I-130, Petition for Alien Relative, which was filed naming his spouse, Plaintiff MADUEWESI, as the beneficiary. (Receipt# MSC2191276902).

7.  Plaintiff NNEKA MADUEWESI is a citizen of Nigeria and for purposes of the instant action, she is a resident of Jefferson County, Kentucky. She is the beneficiary of a pending Form I-130, Petition for Alien Relative, filed by her U.S. Citizen spouse, Plaintiff ST. JOHN. The pending Form I-130 allows beneficiary qualification for Plaintiff MADUEWESI to adjust her status to a permanent resident of the United States. Plaintiff MADUEWESI is also the applicant of a properly filed Form I-485, Application to Register Permanent Residence or Adjust Status. (Receipt# MSC2191276901).

8.  Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant

NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

9. Defendant AGNELICA ALFONSO-ROYALS is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

10. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

12. Venue is proper in the District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiffs reside, and no real property is at issue.

## EXHAUSTION OF REMEDIES

13. The Plaintiffs have repeatedly requested the Defendants to make a final decision on their respective Forms. Furthermore, Plaintiffs have initiated numerous inquiries with USCIS directly as well as through Congressman Morgan McGarvey's Office, all without any resolution.

Defendants have only provided generic responses, instructing Plaintiffs to wait another 180 days before submitting another inquiry.

14. The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish Plaintiffs' eligibility for the approval of their respective Forms.

15. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

16. On April 26, 2021, Plaintiff DAVID EARL ST. JOHN filed, and paid the required government fees for, Form I-130, Petition for Alien Relative, naming his spouse, Plaintiff MADUEWESI, as a beneficiary (Receipt# MSC2191276902) with USCIS.

17. Concurrently with the aforementioned Petition, Plaintiff MADUEWESI filed, and paid the required government fees for, Form I-485, Application to Adjust Status, with USCIS (Receipt# MSC2191276901).

18. On June 2, 2021, Plaintiff MADUEWESI appeared for and completed her required biometrics appointment at the designated USCIS Application Support Center.

19. On June 6, 2022, the Plaintiffs appeared for an interview before a USCIS officer. At the conclusion of the interview, Plaintiffs were told they could expect a decision within 30 days. [**EXHIBIT A**].

20. Since the June 6, 2022, interview, USCIS has made no further requests for evidence or information from the Plaintiffs and neither has a decision been rendered on the Plaintiffs' respective Forms.

21. Plaintiffs have made numerous inquiries over the past two years and eleven months (35 months or 1100 days) with USCIS and have requested the adjudication of their respective Forms, all without any resolution.

22. Plaintiffs' inquiries have resulted in continuous responses from USCIS stating that the Plaintiff's respective Forms remain pending further review.

23. Plaintiffs' respective Forms now continue to be pending with USCIS for a total time of over four years and one month (over 49 months or 1510 days).

24. The delay in making a decision on the Plaintiffs' respective Forms extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

25. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2021 of 10.2 months for the adjudication of Form I-130. Plaintiff ST. JOHN's Form I-130 Petition has been pending for over 49 months, which is almost five times the average processing time as reported by USCIS.[2]

26. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2021 of 12.9 months for the adjudication of Form I-485. Plaintiff MADUEWESI's Form I-485 Application has been pending for over a total of 49 months, which is over three and a half times the average processing time as reported by USCIS.[3]

27. Defendants have refused to provide further explanation which would merit the need for over 48 months of processing time.

28. Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their case has been pending review.

---

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

[3] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

29. Plaintiff ST. JOHN has been deprived of the right he has as a U.S. citizen to qualify his spouse to become a permanent resident of the U.S.

30. Plaintiff MADUEWESI has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

31. Moreover, Plaintiffs has incurred significant attorney's fees due to the Defendants' failure in adjudicating Plaintiffs' Applications within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA- FORM I-130

32. All prior paragraphs are re-alleged as if fully stated herein.

33. Plaintiff ST. JOHN has a statutory right to apply for and receive an adjudication of her Form I-130 pursuant to 8 U.S.C. § §1154(a)(1)(A)(i) and U.S.C. § 1154(b).

34. Defendants have a duty to adjudicate Plaintiff ST. JOHN's Petition within a reasonable period of time under 5 U.S.C. §555(b).

35. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

36. No other adequate remedy is available to Plaintiffs.

37. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the respective Forms.

38. The delay in making a decision on Plaintiff's Form I-130 extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

39. Given the Defendants' lack of a reason for not making a decision on Plaintiff ST. JOHN's Petition for over four years and one month (49 months or 1510 days), his Form I-130 has been pending for an unreasonably long period of time.

40. Defendants have failed in their statutory duty to adjudicate Form I-130, Petition within a reasonable time.

41. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff ST. JOHN's Petition for Alien Relative and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff ST. JOHN's case.

42. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff ST. JOHN's Form I-130, thereby depriving Plaintiffs of the rights to which they are entitled.

43. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff ST. JOHN has been denied the right to petition for his spouse to become a lawful permanent resident of the United States. Further, Plaintiff MADUEWESI has been unable to apply and receive her permanent resident status and has lost time which would have accrued towards her qualification to naturalize as a U.S. Citizen. In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

## COUNT II

### VIOLATION OF THE APA- FORM I-485

44. All prior paragraphs are re-alleged as if fully stated herein.

45. Plaintiff MADUEWESI has a statutory right to apply for adjustment of her status to a permanent resident by filing Form I-485, Application for Adjustment of Status pursuant to INA 245(a).

46. Defendants have a duty to adjudicate Plaintiff MADUEWESI's Application within a reasonable period of time under 5 U.S.C. §555(b).

47. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

48. No other adequate remedy is available to Plaintiffs.

49. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate Plaintiff MADUEWESI's Form I-485 Application.

50. Given the Defendants' lack of a reason for not making a decision on Plaintiff MADUEWESI's Application for over four years and one month (49 months or 1510 days), Plaintiff's Application has been pending for an unreasonably long period of time.

51. Defendants have failed in their statutory duty to adjudicate the Application within a reasonable time.

52. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff MADUEWESI's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff MADUEWESI's case.

53. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff MADUEWESI's Form I-485 Application, thereby depriving Plaintiff of the rights to which she is entitled.

54. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff ST. JOHN has been denied the right to petition for his spouse to become a permanent resident of the United States.

Further, Plaintiff MADUEWESI has been unable to receive her permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen. In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs' respective Forms.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' respective Forms immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: June 13, 2025                    Respectfully submitted,

/s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq.**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Ste. 630**
**Rolling Meadows, IL 60008**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiffs*